UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON BOGAN,

                         Plaintiff,

         -against-

WESTCHESTER COUNTY CORRECTION,

                         Defendant.

20-CV-2143 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, currently incarcerated at the Westchester County Jail, brings this *pro se* action under 42 U.S.C. § 1983. Plaintiff alleges that on October 20, 2019, while he was at the Westchester County Jail, a mentally ill inmate assaulted him. Plaintiff's complaint could be liberally construed as asserting claims for failure to protect him from a serious risk of harm and for deliberate indifference to his serious medical needs.

By order dated March 11, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are from Jason Bogan's complaint. On October 20, 2019, Plaintiff was speaking to his mother on the telephone in "A" block at Westchester County Jail. (Compl.,

ECF 2, at 2.) Another inmate, due to "mental illness," attacked Plaintiff and "severely beat" him on the head. (*Id.* at 2-3.) Everyone present stood and watched. (*Id.* at 3.) The inmates on cell block "A" witnessed the attack "along with officers on duty at the time." (*Id.*)

Plaintiff was "taken to the hospital" and "given proper treatment," though he did "not receive any CAT scans or MRI" at that time. (*Id.* at 5) For the next five days, Plaintiff "was refused" ice packs, though it is unclear who did so or what were the circumstances. On October 26, 2019, Plaintiff "began [having] symptoms of light headed[ness], dizziness [and] headaches," but someone "denied [him] medical attention." (*Id.* at 8) Plaintiff "put in a sick call slip on October 27, 2019," but the following day did not "get called for medical." (*Id.*) By October 29, 2019, Plaintiff was "in excruciating pain" but still "ha[dn]'t been treated for severe headaches and dizziness." Plaintiff was brought in for an MRI or CAT scan on January 23, 2020, but has not received the results. Plaintiff continues to have headaches and "also developed a lump . . . on [his] upper left inner lip" where "the incision was." (*Id.*)

Plaintiff brings this complaint under § 1983, naming Westchester County Correction as the sole Defendant and seeking damages.

## DISCUSSION

### A.    Failure to Protect

Prison officials are required to take reasonable measures to guarantee the safety of prisoners, including protecting them from harm caused by other prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994); *Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997). To state a cognizable § 1983 failure-to-protect claim, a prisoner must show that: (1) he is incarcerated under conditions "posing a substantial risk of serious harm"; and (2) prison officials acted with "deliberate indifference" to his safety. *Farmer*, 511 U.S. at 832-33; *see Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996).

It appears from public records that Plaintiff is a pretrial detainee with pending criminal proceedings in *United States v. Bogan*, 7:19-CR-00700-3 (VB) (S.D.N.Y.). A pretrial detainee asserting a failure-to-protect claim under the Due Process Clause must plead two elements: (1) an "objective" element, which requires a showing that the risk of harm is sufficiently serious, and (2) a "mental" element, which requires a showing that the officer knew or should have known of the risk of serious harm but acted with deliberate indifference to that risk. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). The mere negligence of a correctional official is not a basis for a claim of a federal constitutional violation under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Here, Plaintiff alleges that another inmate assaulted and seriously injured him. Plaintiff does not name as a defendant any individual who was personally involved in violating Plaintiff's rights.[2] *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (holding that to state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendant's direct and personal involvement in the alleged constitutional deprivation.). And although Plaintiff mentions that correction officers were present, he does not plead facts suggesting that any officer knew or should have known of a serious risk to Plaintiff and disregarded that risk.

Westchester County Department of Correction cannot be sued in its own name. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely

---

[2] Because the inmate is not acting under color of state law, Plaintiff cannot state a § 1983 claim against the inmate for violating Plaintiff's constitutional rights. *See Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."). The Court therefore construes Plaintiff's claims against the Westchester County Department of Correction, sued herein as "Westchester County Correction," as claims against the County of Westchester.

When a plaintiff sues a municipality like Westchester County under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011).

In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted). Plaintiff does not plead any facts suggesting that a policy, custom, or practice of Westchester County caused his injury, and he therefore fails to state a claim under § 1983 on which relief can be granted against Westchester County.

**B.      Deliberate Indifference to Serious Medical Needs**

To plead a Fourteenth Amendment claim for deliberate indifference to a serious medical need, a pretrial detainee must allege that: (1) he had a "serious medical need," *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000), and (2) the defendant either "acted intentionally to

impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety," *Darnell*, 849 F.3d at 35 (relying on *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015)).[3]

A medical need qualifies as a sufficiently serious condition where the failure to treat it "could [have] result[ed] in further significant injury or the unnecessary and wanton infliction of pain." *Harrison*, 219 F.3d at 136 (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)); *see also Darnell*, 849 F.3d at 30 ("[T]o establish an objective deprivation, 'the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health,' which includes the risk of serious damage to 'physical and mental soundness.'") (citations omitted). Here, the Court assumes for purposes of this order that Plaintiff's allegations suffice to plead that he had serious medical needs.

Plaintiff's allegations do not satisfy the "mental" element. Plaintiff has not named as a defendant any individual who knew (or should have known) of Plaintiff's serious medical need and disregarded it.[4] Plaintiff has also not alleged that any custom or policy of the County of Westchester unconstitutionally deprived him of adequate medical care. Plaintiff's allegations

---

[3] For pretrial detainees, the standard articulated in *Darnell* applies to *all* types of deliberate indifference claims, including claims for deliberate indifference to serious medical needs. *Darnell*, 849 F.3d at 33 n.9 ("[D]eliberate indifference means the same thing for each type of claim under the Fourteenth Amendment."); *see also Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016) (en banc) (overruling *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232 (9th Cir. 2010), which had held that a subjective test applied to a pretrial detainee's due process claims for deliberate indifference to serious medical needs).

[4] Claims for medical malpractice or negligence arise under state law and can be brought in state court. State law claims can proceed in federal court pursuant to the Court's supplemental jurisdiction if Plaintiff has a federal claim that arises out of the same facts. But if the Court dismisses Plaintiff's federal claim, it generally must decline to exercise supplemental jurisdiction over state law claims. *See* 28 U.S.C. § 1367 (c)(3).

thus fail to state a claim under § 1983 that Defendant Westchester County was deliberately indifferent to his serious medical needs.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. First, Plaintiff must name as the defendant(s) in the caption and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[5] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

 a) give the names and titles of all relevant persons;

 b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

 c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

 d) give the location where each relevant event occurred;

---

[5] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

     e)   describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

     f)   state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-2143 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:   March 20, 2020
          New York, New York

                                        _Louis L. Stanton_
                                          Louis L. Stanton
                                             U.S.D.J.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**
# COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name            Middle Initial         Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                  State            Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee

☐  Civilly committed detainee

☐  Immigration detainee

☐  Convicted and sentenced prisoner

☐  Other: _____

# IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name               Last Name             Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City              State             Zip Code

Defendant 2:

First Name               Last Name             Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City              State             Zip Code

Defendant 3:

First Name               Last Name             Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City              State             Zip Code

Defendant 4:

First Name               Last Name             Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City              State             Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.     RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____